IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARRILLO ORNELAS,<br><br>             Petitioner,<br><br>  vs.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>             Respondent.<br>_____/ | CASE NO. CV-F-04-6170 DLB HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS, DIRECTING CLERK OF COURT TO SERVE DOCUMENTS, AND DIRECTING RESPONDENT TO FILE RESPONSE TO AMENDED PETITION |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

      Petitioner is incarcerated pursuant to a conviction entered in the Kern County Superior Court for residential burglary, receiving stolen property, and possession of burglary tools. It was found true that Petitioner has previously been convicted of two serious felonies.

      Petitioner timely appealed his convictions to the California Court of Appeal, Fifth Appellate District, which affirmed the judgment.

      Petitioner filed a petition for review with the California Supreme Court. The petition was denied.

      No state habeas corpus petitions were filed.

Petitioner filed the instant federal petition for writ of habeas corpus on August 26, 2004. On September 7, 2004, the Court issued an order to show cause why the petition should not be dismissed for failure to state a claim. On December 8, 2004, Petitioner filed an amended petition.

On December 13, 2004, the Court directed Respondent to file a response to the petition.

On February 11, 2005, Respondent filed a motion to dismiss. Petitioner did not file an opposition.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.

Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*

*that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant case, Petitioner raises the following two claims for relief: 1) the trial court engaged in instructional error; and 2) his trial counsel was ineffective.

In his motion, Respondent argues that Petitioner raises a single claim that was not exhausted at the state court level. It appears that Respondent's argument may be based on the original petition, as that petition raised a single (not cognizable) claim. However, this action is proceeding on Petitioner's first amended petition, filed on December 8, 2004.[1] Because the claims raised in the amended petition may be the same claims raised at the state highest's court, Respondent's motion to dismiss must be denied.[2]

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss is DENIED;

2. Within forty-five (45) days from the date of service of this order, Respondent shall file a response to Petitioner's first amended petition;

3. The Clerk of Court is directed to serve a courtesy copy of the amended petition, filed on December 8, 2004, at Court Doc. 9, on Respondent; and

---

[1] The Court notes that in its December 13, 2004, order to respond, it directed the Clerk of Court to serve a copy of the petition on Respondent. The Court may have inadvertently served Respondent with a copy of the original, not amended petition.

[2] Because it is unclear, the Court will refrain from finding the claims to have been exhausted, without the benefit of Respondent having further opportunity to raise the argument.

1    4.   All provisions set forth in the Court's December 13, 2004, order to respond remain in
2          full force and effect.
3    IT IS SO ORDERED.
4    **Dated:    April 28, 2005**              **/s/ Dennis L. Beck**
     3b142a                                    UNITED STATES MAGISTRATE JUDGE