1
2
3
4
5
6
7

8                **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL CARRILLO ORNELAS,              CASE NO. CV-F-04-6170 DLB HC

12                Petitioner,               ORDER TO SHOW CAUSE WHY
                                            MOTION FOR ABEYANCE SHOULD
13        vs.                               BE GRANTED

14   KERN COUNTY SUPERIOR COURT,            [Doc. 17]

15                Respondent.               ORDER VACATING ORDER DIRECTING
     _____  RESPONDENT TO FILE RESPONSE TO
16   _____  AMENDED PETITION
     _____/
17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant

19   to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction

20   of the United States Magistrate Judge.

21        Petitioner filed the instant petition on August 26, 2004, and an amended petition on December

22   8, 2004.  By order of December 13, 2004, the Court directed Respondent to file a response to the

23   petition.  Respondent filed a motion to dismiss on February 11, 2005.

24        On April 29, 2005, the undersigned denied Respondent's motion to dismiss and directed

25   Respondent to file a response to the amended petition.  On May 13, 2005, Petitioner filed a motion to

26
27
28

                                            1

1    hold the petition in abeyance.[1]

2         In the amended petition of which this action is proceeding, Petitioner raises the following two

3    claims only: 1) the trial court engaged in instructional error; and 2) his trial counsel was ineffective.

4         In Rhines v. Weber, 2005 WL 711587 (2005), the Supreme Court held that a district court has

5    discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state

6    court in the first instance and then to return to federal court for review of his perfected petition.

7         Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure

8    frustrates AEDPA's[2] objective of encouraging finality by allowing a petitioner to delay the resolution

9    of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by

10   decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal

11   petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court

12   determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

13        In his motion for abeyance, Petitioner indicates that he submits this request to hold the petition

14   in abeyance pending exhaustion of claims alleging ineffective assistance of trial and appellate counsel,

15   Eighth Amendment cruel and unusual punishment, unintelligent waiver of trial on priors, and erroneous

16   jury instructions.

17        Petitioner has not demonstrated "good cause" as to why the unexhausted claims were not raised

18   in the state court prior to filing the instant petition.  Further, in his motion Petitioner indicates that had

19   he been informed of his options he would have chosen to delete the unexhausted claims and avail

20   himself of the "stay and abey" process.  However, Petitioner did not raise the instant unexhausted claims

21   in the original or amended petition.  This is the first time the Court or Respondent are aware of the

22   unexhausted claims Petitioner is attempting to exhaust and raise in this action.

23   ///

24   ///

25   _____

26        [1]  The Court notes that on May 23, 2005, Petitioner filed an untimely opposition to Respondent's February 11, 2005,
     motion to dismiss.  Because prior to filing of Petitioner's opposition, the Court had already denied Respondent's motion to
27   dismiss, Petitioner's opposition is disregarded.

28        [2]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within **thirty (30)** days from the date of service of this order, Petitioner must demonstrate "good cause" for his failure to raise the unexhausted claims in the state court; and

2.  In light of Petitioner's instant request for abeyance, the Court's April 29, 2005, directing Respondent to file a response to the instant petition is VACATED and Respondent is not required to file a response to the amended petition until further directed by the Court.[3]

IT IS SO ORDERED.

**Dated:    May 26, 2005**                          _____/s/ Dennis L. Beck_____
3b142a                                              UNITED STATES MAGISTRATE JUDGE

---

[3]  The Court notes that Respondent's response is due on or about June 16, 2005.  (Court Doc. 16.)