IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARRILLO ORNELAS, | CASE NO. CV-F-04-6170 DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST TO STAY PETITION PENDING EXHAUSTION |
| vs. | |
| KERN COUNTY SUPERIOR COURT, | [Docs. 17, 20] |
| Respondent. | ORDER DIRECTING RESPONDENT TO SUBMIT RESPONSE TO AMENDED PETITION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

Petitioner filed the instant petition on August 26, 2004, and an amended petition on December 8, 2004. On February 11, 2005, Respondent filed a motion to dismiss on the ground that the petition was unexhausted.  On April 29, 2005, the undersigned denied Respondent's motion to dismiss and directed Respondent to file a response to the amended petition.

On May 13, 2005, Petitioner filed a request to hold the petition in abeyance pending exhaustion of additional claims in state court. On May 31, 2005, the Court issued an order to show cause why the stay should be granted and vacated the order directing Respondent to file a response to the amended

///

1

petition. See Rhines v. Weber, 125 S.Ct. 1528 (2005).  Petitioner filed a response to the order to show cause on June 22, 2005.

In his response to the order to show cause, Petitioner argues that he has no knowledge of the law or procedure and was unaware of the requirement to exhaust all claims prior to filing in this Court.  This is insufficient to demonstrate good cause for failing to exhaust.  Ignorance of the law is no excuse.  The majority of inmates are posed with this same hurdle.

Petitioner further argues that he did not discover the requirement to exhaust until he contacted a "jailhouse lawyer."  Petitioner indicates that it was not until his current competent inmate assistant reviewed his case that he became aware of the claims that are now unexhausted.  Although unfortunate, the fact that Petitioner had to rely on an inmate assistance to discover his claims does not in and of itself demonstrate good cause.  There is no constitutional guarantee to a competent "jailhouse lawyer."  Moreover, the point when Petitioner actually discovers his claims is not significant; what is relevant is the point when Petitioner was able to discover the relevant facts.  The fact that Petitioner had to rely on a "jailhouse lawyer" to discover his unexhausted claims is insufficient to demonstrate good cause.  Petitioner's unexhausted claims deal with ineffective trial and appellate counsel, along with several trial court errors.  However, the basis for these claims were discoverable prior to the filing of the instant petition and could of been previously raised.

Because Petitioner has failed to demonstrate good cause for failing to exhaust the additional claims, a stay is not warranted.  See Rhines v. Weber, 125 S.Ct. 1528.  Accordingly, by this order the Court will direct Respondent to file a response to the amended petition.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's request to stay the instant petition pending exhaustion is DENIED;

2. Within forty-five (45) days from the date of service of this order, Respondent shall file a response to the amended petition in accordance with the provisions set forth in the Court's December 13, 2004, order to file a response;

3. Within thirty (30) days from the date Respondent files its answer, Petitioner may file a traverse; and

///

1     4.     All other provisions of the Court's December 13, 2004, order to file a response remain
2         in full force and effect.
3     IT IS SO ORDERED.
4     **Dated:**   **July 12, 2005**           **/s/ Dennis L. Beck**
    3b142a                      UNITED STATES MAGISTRATE JUDGE