1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL CARRILLO ORNELAS,              CASE NO. CV-F-04-6170 DLB HC

12                    Petitioner,           ORDER REGARDING RESPONDENT'S__
                                            MOTION TO DISMISS
13          vs.
                                            [Doc. 25]
14   W. J. SULLIVAN, Warden,

15                    Respondent.
     _____/
16

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant

18   to 28 U.S.C. § 2254.[1]   Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction

19   of the United States Magistrate Judge.

20                              <u>BACKGROUND</u>

21          Petitioner was convicted in the Kern County Superior Court of residential burglary, receiving

22   stolen property, and possession of burglary tools having previously been convicted of two serious

23   felonies.  His conviction was affirmed by the California Court of Appeal, Fifth Appellate District.

24   (2/14/05 Lodged Doc. 1.)

25          Petitioner filed a petition for review in the California Supreme Court, which was denied on

26   _____

27          [1] Respondent submits that Petitioner named the Kern County Superior Court as the Respondent in this case.  On
     the front page of the amended petition, Petitioner does name the Kern County Superior Court as Respondent; however, on
     the form petition, Petitioner names Warden Sullivan as the Respondent.  Thus, to the extent Petitioner has named the Kern
28   County Superior Court as Respondent, Warden Sullivan is substituted as Respondent.  Fed. R. Civ. P. 25(d).

                                            1

1   July 28, 2004.

2        Petitioner filed the instant petition for writ of habeas corpus on August 26, 2004.  Petitioner

3   filed an amended petition on December 8, 2004.

4        On February 11, 2005, Respondent filed a motion to dismiss the petition.

5        On April 21, 2005, Petitioner filed a petition for writ of habeas corpus in case number

6   S133188 in the California Supreme Court which presents the exact grounds presented in the

7   amended petition.

8        On April 29, 2005, the Court denied Respondent's motion to dismiss as it addressed the first,

9   not amended, petition.

10       On May 13, 2005, Petitioner filed a motion to stay the case pending exhaustion at the state

11  court level.  On May 31, 2005, the Court issued an order to show cause why Petitioner's request for a

12  stay should be granted in light of Rhines v. Weber, 125 S.Ct. 1528 (2005).  Petitioner filed a

13  response on June 22, 2005.  On July 12, 2005, the Court denied Petitioner's request.

14       On October 20, 2005, Respondent filed the instant motion to dismiss.  Petitioner did not file

15  an opposition.

16                                          DISCUSSION

17  A.      Procedural Grounds for Motion to Dismiss

18       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

19  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

20  not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

21  Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised

22  by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

23  Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

24  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

25  Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874

26  F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

27  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

28  motion for dismissal pursuant to its authority under Rule 4.

                                              2

B.      Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

1   reiterated the rule as follows:

2          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
3      state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks
4      omitted). If state courts are to be given the opportunity to correct alleged violations
       of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
5      are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due
6      process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.
7
    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
8
9          Our rule is that a state prisoner has not "fairly presented" (and thus
       exhausted) his federal claims in state court *unless he specifically indicated to*
10     *that court that those claims were based on federal law.* See Shumway v. Payne,
       223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
11     Duncan, this court has held that the *petitioner must make the federal basis of the*
       *claim explicit either by citing federal law or the decisions of federal courts, even*
12     *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
       (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
13     underlying claim would be decided under state law on the same considerations
       that would control resolution of the claim on federal grounds. Hiivala v. Wood,
14     195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
       (9th Cir. 1996); . . . .
15         In Johnson, we explained that the petitioner must alert the state court to
       the fact that the relevant claim is a federal one without regard to how similar the
16     state and federal standards for reviewing the claim may be or how obvious the
       violation of federal law is.
17
    Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

18         In the amended petition, Petitioner contends that the trial court misinstructed the jury and his

19   trial counsel was ineffective.  As Respondent submits, Petitioner presented two claims to the

20   California Supreme Court: instructional error regarding CALJIC 2.15 and ineffective assistance of

21   counsel in failing to request a pinpoint jury instruction.  (Court Doc. 14, Attachment No. 2.)  As just

22   stated, in his amended petition, Petitioner presents his instructional error claim and presents, as

23   Ground Two, seven new claims of ineffective assistance of counsel.  (Amd. Pet. at 7.)  The claims in

24   Ground Two are presently before the California Supreme Court in case number S133188.  (10/20/05

25   Lodged Doc. 4.)

26         The claims in Ground Two, therefore, have not been exhausted within the meaning of 28

27   U.S.C. § 2254.  The exhaustion requirement applicable to federal habeas petitions is not satisfied if

28   there is a pending post-conviction proceeding in state court.  See 28 U.S.C. § 2254(b)-(c); Sherwood

4

1   v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding that when an appeal of a state criminal

2   conviction is pending, a would-be habeas petitioner must await the outcome of his appeal before his

3   state remedies are exhausted.)

4                                              CONCLUSION

5          In sum, the instant petition for writ of habeas corpus is a mixed petition containing both

6   exhausted and unexhausted claims.  The Court must dismiss a mixed petition without prejudice to

7   give Petitioner an opportunity to exhaust the claims if he can do so.  See Rose, 455 U.S. at 521-22;

8   Gordon, 107 F.3d at 760.  However, Petitioner must be provided with an opportunity to withdraw the

9   unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013

10  (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide

11  habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims

12  as an alternative to suffering dismissal").

13         Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30)

14  days of the date of service of this order and proceed with only the exhausted claims. Guizar v.

15  Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  If petitioner fails to withdraw the unexhausted claims

16  within the thirty (30) day time frame, the entire petition will be dismissed so Petitioner can return to

17  state court to exhaust the remainder of his claims before filing a new federal petition. Rose, 455 U.S.

18  at 520; Guizar v. Estelle, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to

19  federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d

20  583, 586 (9th Cir.1995).  However, this does not mean that Petitioner will not be subject to the one

21  year statute of limitations imposed by Title 28 U.S.C. § 2244(d).  In most cases, the one year period

22  starts to run on the date the California Supreme Court denied Petitioner's direct review. See id.

23  Although the limitations period tolls while a properly filed request for collateral review is pending in

24  state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal

25  court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

26                                                ORDER

27         Accordingly, it is HEREBY ORDERED that:

28  1.         Within thirty (30) days from the date of service of this order, Petitioner shall inform

1    the Court of his intent to either dismiss the entire petition or withdraw the

2    unexhausted claims; and

3        2.    Failure to comply with this order will result in the action being dismissed, without

4              prejudice, for failure to exhaust the state court remedies and failure to comply with a

5              court order.  Local Rule 11-110.

6    IT IS SO ORDERED.

7    **Dated:    December 5, 2005**              **/s/ Dennis L. Beck**
     3b142a                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28